## LEIGH v. THE STATE BANK.

1. To sustain a summary judgment of the State Bank for thirty per cent. demages, upon the dishonor of a bill of exchange, it must be shown by the record, that it was purchased by the Bank, to make a remittance in payment of the State bonds. The statement of a fact from which such an inference might be drawn, is not sufficient.

Error to the County Court of Tuscaloosa.

MOTION by the Bank for judgment, on a bill of exchange against the defendant, as drawer, payable at the Bank of Louisiana, New Orleans.

Judgment in the usual form, for $700-debt, $210 damages, at the rate of thirty *per cent.* for non-payment, and $22 16 damages by way of interest for the detention of the debt, together with the costs. The defendant prosecutes this writ, and assigns for errror—1. That it was not lawful for the Bank to deal in bills of exchange at the time this bill was purchased, except for certain specified purposes, not shown upon the record. 2. In rendering judgment for thirty per cent. damages.

PECK & CLARK, for plaintiff in error.
P. MARTIN, contra.

ORMOND, J.—The first section of the act of 1843 declares, that it shall not be lawful for the Bank to deal in bills

of exchange, or discount promissory notes during the suspension of specie payments, except for the purpose of effecting a remittance of funds, for the payment of the State bonds, and that the damages for non-acceptance, or non-payment, shall be thirty *per cent*. A subsequent clause authorizes the Bank to purchase bills in settlement, or renewal of existing debts, and that the damages shall be the same as before the passage of the act. Clay's Dig. 88, § 58.

The Bank, by this act, is authorized during the suspension of specie payments, to discount promissory notes, and to purchase bills of exchange, to enable it to remit funds in payment of the State bonds, or in the settlement or renewal of an existing debt. It has then the power to purchase bills for certain purposes, and its motive in making the purchase cannot, in the absence of proof, be presumed to be unlawful. But as there are two classes of bills, which by the act cited, it is authorized to deal in, the damages upon which are different, to authorize a judgment for the higher damages, it must be shown upon the record, that the bill is included in the class upon which such damages are given. For any thing shown upon the record, this bill may have been sold to the bank, in payment of an existing debt, upon the dishonor of which only the ordinary damages are recoverable. Yet it is conclusively settled by the decisions of this court, as shown by the cases cited, that every fact must be shown upon the record, to have been proved, which is necessary to establish the liability of the defendant to the judgment as rendered, when the judgment as in this case, is by default; as well as the existence of the facts necessary to give the court jurisdiction.

The fact recited in the judgment, that the bill was payable in specie, is doubtless sufficient to raise a presumption, that it is not an ordinary bill; but we think, according to the uniform tenor of decision in this court, from the earliest period, and which we are not now at liberty to depart from, it is not sufficient to sustain a summary judgment, such as this. The fact, that this bill was purchased for the purpose of remitting funds in payment of the State bonds, should be shown to have been proved; a fact from which this court could draw such an inference is not sufficient.

No aid can be derived from the notice sent up with the re-

cord, as it is not a part of the record, unless made so by such a reference to it, as would in effect incorporate it with, or make it a part of the judgment entry. No such reference is made here, and the notice, conceding that it would cure the defect, cannot be looked to for any purpose.

Let the judgment be reversed and the cause remanded.